**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EILEEN PHELPS,

Plaintiff, CASE NO.: 8:26-cv-02491

v.

HILLSBOROUGH COUNTY
SCHOOL BOARD, FLORIDA, and
PROGRESSUS THERAPY, LLC
d/b/a INVO HEALTHCARE

Defendant(s).
_______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, EILEEN PHELPS, (hereinafter "Plaintiff" or "Mrs. Phelps"), a Florida resident, by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, HILLSBOROUGH COUNTY SCHOOL BOARD, FLORIDA, (hereinafter "HCSB"), and PROGRESSUS THERAPY, LLC d/b/a INVO HEALTHCARE (hereinafter "Invo Healthcare"), and alleges the following:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et al* ("ADA") for discrimination based on disability or perceived disability.

2. In this civil action Plaintiff has also brought claims against her former employers for monetary damages, declaratory relief, and for other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") § 760.01, *et al*.

3. This Court has jurisdiction over Plaintiff's ADA claims under 28 U.S.C. §§ 1331 and 1343.

4. This Court has jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367.

5. Venue is appropriate in the Middle District of Florida because the events giving rise to the cause of action occurred in Hillsborough County, Florida.

**PARTIES**

6. Plaintiff, EILEEN PHELPS, is a resident of Hillsborough County, Florida.

7. At all times material, Defendant, HILLSBOROUGH COUNTY SCHOOL BOARD, FLORIDA, has been organized and in existence within Hillsborough County, Florida, located within the Middle District of Florida.

8. At all times material, Defendant, PROGRESSUS THERAPY LLC d/b/a INVO HEALTHCARE, is a Limited Liability Company principally located at 4200 West Cypress Street, Suite 550, Tampa, Florida 33607.

9. Plaintiff has satisfied all prerequisites necessary to bring this cause of action.

## GENERAL ALLEGATIONS

10. Eileen Phelps suffers from cerebral palsy requiring her to use a wheelchair.

11. Mrs. Phelps was diagnosed with cerebral palsy when she was only four years old. Her disability greatly impacts her everyday life because it causes her to endure involuntary muscle spasms, affects her dexterity and bladder control, and contributes to her need for a dictation software to write things faster than she can write by hand.

12. Mrs. Phelps has been a licensed mental health counselor since June 2000. With over twenty years of experience, Mrs. Phelps excelled in her work and did her best to provide the best care possible for her patients.

13. On July 15, 2024, Invo Healthcare hired Mrs. Phelps as a Mental Health Counselor.

14. Invo Healthcare had a contract with the Hillsborough County School Board ("HCSB") to provide mental health therapy and counseling to students at Freedom High School ("Freedom") and Blake High School. Invo Healthcare assigned Mrs. Phelps to work at both schools for this reason. Mrs. Phelps worked full-time while working twenty hours per week at each school.

15. On August 8, 2024, Mrs. Phelps attended an orientation at Invo Healthcare during which she asked Doreen Begley (Impact Program Manager at Invo Healthcare– Non-disabled female) for a lighter computer which would have helped her pack her things more easily.

16. Ms. Begley refused to provide Mrs. Phelps with this accommodation without an explanation. This made it extremely difficult for Mrs. Phelps to carry and pack her computer without assistance.

17. On August 26, 2024, Mrs. Phelps began working at Freedom High School.

18. Throughout her time at Freedom, Mrs. Phelps' non-disabled coworkers—including Christa Nickels (Guidance Director at Freedom – Non-disabled female)—affiliated with HCSB frequently disrespected, humiliated, and harassed Mrs. Phelps because of her disability.

19. Specifically, when Mrs. Phelps asked her coworkers to open the bathroom door for her or to help her pick up a pen that she had accidentally dropped, they would complain about the inconvenience these actions caused them. For instance, Ms. Nickels stated, "we were not informed you were going to need so much help."

20. During her first week at Freedom, Mrs. Phelps asked her husband to come to the school to pick her up during after school hours so that he could help her carry her computer and belongings.

21. Each day, Mrs. Phelps' husband, Doug Phelps, would come to Freedom, sign in at the front office, show his ID, tell Aileen LNU (Secretary) that he was Mrs. Phelps' husband and that he was there to pick her up and help her carry her belongings. Aileen freely permitted Mr. Phelps to go to Mrs. Phelps' office to pick her up and help her carry her belongings.

22. In fact, employees at Freedom had to guide Mr. Phelps to Mrs. Phelps' office because he is blind and couldn't get back there without assistance. Neither Freedom nor Invo Healthcare ever presented this as an issue to Mrs. Phelps.

23. On the morning of September 11, 2024, Ms. Begley, Ms. Orlando (HR Representative at Invo Healthcare – Non-disabled female), and Reagan Rogers (VP of Invo Healthcare – Non-disabled female) held a meeting with Mrs. Phelps to discuss their concerns regarding her disability.

24. During this meeting, Ms. Orlando notified Mrs. Phelps that Freedom gave her a list of things they were unhappy about with respect to her disability.

25. For instance, Ms. Nickels suggested that she didn't know that Mrs. Phelps would require help opening doors or picking things up from the floor when she dropped them even though it was apparent that she used a wheelchair.

26. Ms. Nickels also complained to Invo Healthcare that Mrs. Phelps' husband was present at school during after-school hours to help her carry her computer and other personal belongings. This surprised Mrs. Phelps because before this meeting she had never heard any complaints or concerns from Freedom about her husband's presence at the school.

27. Moreover, Ms. Orlando and Ms. Rogers also stated that Mrs. Phelps could get a lighter computer but that there were no guarantees, and that Ms. Nickels would no longer allow her to call her husband to come pick her up from school. Mrs. Phelps felt singled out and targeted by this determination, but she accepted it because she felt that she had no other choice.

28. At the end of the day on September 11, 2024, Mrs. Phelps asked a Freedom employee to help her pack her computer because she understood that her husband was no longer allowed to come to her office and help her pack her belongings.

29. Mrs. Phelps then went outside and met her husband who was initially waiting for her in the main office in which people were commonly allowed to wait for people. Mr. and Mrs. Phelps then caught the bus together to go home.

30. By the time Mrs. Phelps got home, Freedom terminated her from her position by falsely claiming that her husband had gone to Ms. Phelps' office to pick her up.

31. At this point, Invo Healthcare refused to reassign Mrs. Phelps to another school and required her to work part-time at Blake High School.

32. Therefore, Invo Healthcare constructively terminated Mrs. Phelps from her position because the company reassigned her to a part-time capacity.

33. Mrs. Phelps has incurred attorney's fees and costs in filing this claim.

**COUNT I**
**VIOLATION OF THE ADA**
**FOR FAILURE TO PROVIDE A REASONABLE ACCOMODATION**
**& ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH**
**(As to Invo Healthcare)**

34. Plaintiff, EILEEN PHELPS, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-three (33) as if set forth herein in full.

35. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

36. The ADA requires employers to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

37. When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate. 29 C.F.R. § 1630.2(o)(3).

38. An employer's failure to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

39. During her employment with Defendant, Mrs. Phelps suffered from cerebral palsy, requiring her to use a wheelchair.

40. Mrs. Phelps' disability greatly impacts her everyday life because it causes her to endure involuntary muscle spasms, affects her dexterity and bladder control, and contributes to her need for a dictation software to write things faster than she can write by hand.

41. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

42. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

43. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

44. Mrs. Phelps was qualified for her job and was able to perform all essential functions of her job.

45. Invo Healthcare failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith, thus leading to Mrs. Phelps' constructive termination.

46. The discriminatory conduct described herein demonstrates Ms. Begley, Ms. Orlando, and Ms. Rogers' failure to provide Mrs. Phelps with a reasonable accommodation and their refusal to engage in the interactive process with Mrs. Phelps in good faith. Ms. Begley, Ms. Orlando, and Ms. Rogers' actions violated the ADA and are a form of discrimination against Mrs. Phelps based on her disability.

47. Defendant's actions in refusing to provide her a reasonable accommodation because of her disability or perceived disability were reckless, willful, and malicious.

48. Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

49. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, EILEEN PHELPS, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

**<u>COUNT II</u>**
**VIOLATION OF THE ADA**
**DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF DISABILITY**
**(As to Invo Healthcare)**

50. Plaintiff, EILEEN PHELPS, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-three (33) as if set forth herein in full.

51. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

52. During her employment with Defendant, Mrs. Phelps suffered from cerebral palsy, requiring her to use a wheelchair.

53. Mrs. Phelps' disability greatly impacts her everyday life because it causes her to endure involuntary muscle spasms, affects her dexterity and bladder control,

and contributes to her need for a dictation software to write things faster than she can write by hand.

54. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

55. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

56. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

57. Mrs. Phelps was qualified for her job and was able to perform all essential functions of her job.

58. On September 11, 2024, Defendant demoted Mrs. Phelps to a part-time capacity and constructively terminated her because of her disability or perceived disability.

59. Defendant's actions in demoting her and constructively terminating Mrs. Phelps because of her disability were reckless, willful, and malicious.

60. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, EILEEN PHELPS, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

**COUNT III**
**VIOLATION OF THE ADA**
**RETALIATION FOR ENGAGEMENT IN PROTECTED ACTIVITY**
**RESULTING IN ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF DISABILITY**
**(As to Invo Healthcare)**

61. Plaintiff, EILEEN PHELPS, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-three (33) as if set forth herein in full.

62. Plaintiff is a member of a protected class under the ADA.

63. Plaintiff engaged in protected activity under the ADA when she requested an accommodation to be allowed to use a lighter computer which would have helped her pack her things more easily.

64. Defendant retaliated against Mrs. Phelps for engaging in a protected activity under the ADA by demoting her and constructively terminating her after she requested a reasonable accommodation to be allowed to use a lighter computer.

65. Defendant's actions were reckless, willful and done with malice.

66. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, EILEEN PHELPS, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

**COUNT IV**
**VIOLATION OF THE FCRA**
**FOR FAILURE TO PROVIDE A REASONABLE ACCOMODATION**
**& ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH**
**(As to Invo Healthcare)**

67. Plaintiff, EILEEN PHELPS, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-three (33) as if set forth herein in full.

68. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

69. The FCRA closely mirrors the language of the ADA with respect to unlawful discrimination based on a person's disability.

70. Under the FCRA, employers are required to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

71. When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate.

72. An employer's failure to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

73. During her employment with Defendant, Mrs. Phelps suffered from cerebral palsy, requiring her to use a wheelchair.

74. Mrs. Phelps' disability greatly impacts her everyday life because it causes her to endure involuntary muscle spasms, affects her dexterity and bladder control, and contributes to her need for a dictation software to write things faster than she can write by hand.

75. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

76. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

77. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

78. Mrs. Phelps was qualified for her job and was able to perform all essential functions of her job.

79. Invo Healthcare failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith, thus leading to Mrs. Phelps' constructive termination.

80. The discriminatory conduct described herein demonstrates Ms. Begley, Ms. Orlando, and Ms. Rogers' failure to provide Mrs. Phelps with a reasonable accommodation and their refusal to engage in the interactive process with Mrs. Phelps in good faith. Ms. Begley, Ms. Orlando, and Ms. Rogers' actions violated the FCRA and are a form of discrimination against Mrs. Phelps based on her disability.

81. Defendant's actions in refusing to provide her a reasonable accommodation because of her disability or perceived disability were reckless, willful, and malicious.

82. Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

83. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, EILEEN PHELPS, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

**COUNT V**
**VIOLATION OF THE FCRA**
**DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF DISABILITY**
**(As to Invo Healthcare)**

84. Plaintiff, EILEEN PHELPS, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-three (33) as if set forth herein in full.

85. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

86. During her employment with Defendant, Mrs. Phelps suffered from cerebral palsy, requiring her to use a wheelchair.

87. Mrs. Phelps' disability greatly impacts her everyday life because it causes her to endure involuntary muscle spasms, affects her dexterity and bladder control, and contributes to her need for a dictation software to write things faster than she can write by hand.

88. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

89. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

90. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

91. Mrs. Phelps was qualified for her job and was able to perform all essential functions of her job.

92. On September 11, 2024, Defendant demoted Mrs. Phelps to a part-time capacity and constructively terminated her because of her disability or perceived disability.

93. Defendant's actions in demoting her and constructively terminating Mrs. Phelps because of her disability were reckless, willful, and malicious.

94. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, EILEEN PHELPS, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

**COUNT VI**
**VIOLATION OF THE FCRA**
**RETALIATION FOR ENGAGEMENT IN A PROTECTED ACTIVITY**
**RESULTING IN ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF DISABILITY**
**(As to Invo Healthcare)**

95. Plaintiff, EILEEN PHELPS, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-three (33) as if set forth herein in full.

96. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et al. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

97. Plaintiff is a member of a protected class under the FCRA.

98. Plaintiff engaged in protected activity under the FCRA when she requested an accommodation to be allowed to use a lighter computer which would have helped her pack her things more easily.

99. Defendant retaliated against Mrs. Phelps for engaging in a protected activity under the FCRA by demoting her and constructively terminating her after she requested a reasonable accommodation to be allowed to use a lighter computer.

100. Defendant's actions were reckless, willful and done with malice.

101. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, EILEEN PHELPS, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT VII
## VIOLATION OF THE ADA
## DISCRIMINATION RESULTING IN ADVERSE EMPLOYMENT ACTION ON THE BASIS OF DISABILITY
## (As to Hillsborough County School Board)

102. Plaintiff, EILEEN PHELPS, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-three (33) as if set forth herein in full.

103. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

104. During her employment with Defendant, Mrs. Phelps suffered from cerebral palsy, requiring her to use a wheelchair.

105. Mrs. Phelps' disability greatly impacts her everyday life because it causes her to endure involuntary muscle spasms, affects her dexterity and bladder control, and contributes to her need for a dictation software to write things faster than she can write by hand.

106. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

107. Defendant was an "employer" within the meaning of the ADA during the time of these allegations.

108. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

109. Mrs. Phelps was qualified for her job and was able to perform all essential functions of her job.

110. Defendant subjected Mrs. Phelps to adverse employment action because of her disability or perceived disability.

111. On September 11, 2024, Defendant terminated Mrs. Phelps from her position because of her disability or perceived disability.

112. Defendant's actions in terminating Mrs. Phelps because of her disability were reckless, willful, and malicious.

113. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, EILEEN PHELPS, demands entry of a Final Judgment against Defendant, HILLSBOROUGH COUNTY SCHOOL BOARD, FLORIDA, for the following:

A. An award of Back Pay damages;

B. Reinstatement to her position with Defendant;

C. An award of Front Pay damages;

D. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

E. Prejudgment interest;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT VIII
## VIOLATION OF THE FCRA
## DISCRIMINATION RESULTING IN
## ADVERSE EMPLOYMENT ACTION
## ON THE BASIS OF DISABILITY
## (As to Hillsborough County School Board)

114. Plaintiff, EILEEN PHELPS, incorporates by reference the allegations set forth in paragraphs one (1) through thirty-three (33) as if set forth herein in full.

115. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

116. During her employment with Defendant, Mrs. Phelps suffered from cerebral palsy, requiring her to use a wheelchair.

117. Mrs. Phelps' disability greatly impacts her everyday life because it causes her to endure involuntary muscle spasms, affects her dexterity and bladder control,

and contributes to her need for a dictation software to write things faster than she can write by hand.

118. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

119. Defendant was an "employer" within the meaning of the FCRA during the time of these allegations.

120. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

121. Mrs. Phelps was qualified for her job and was able to perform all essential functions of her job.

122. Defendant subjected Mrs. Phelps to adverse employment action because of her disability or perceived disability.

123. On September 11, 2024, Defendant terminated Mrs. Phelps from her position because of her disability or perceived disability.

124. Defendant's actions in terminating Mrs. Phelps because of her disability were reckless, willful, and malicious.

125. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, EILEEN PHELPS, demands entry of a Final Judgment against Defendant, HILLSBOROUGH COUNTY SCHOOL BOARD, for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. Reasonable attorney's fees and costs; and

F. All such other relief as the Court deems just, equitable and appropriate.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Dated this 25th day of August, 2026.

*/s/ Gary L Printy, Jr, Esq*
**Gary L. Printy, Jr**
Florida Bar No. 41956
**THE PRINTY LAW FIRM**
5407 N. Florida Avenue
Tampa, Florida 33604
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Attorney for Eileen Phelps*